**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**OSCAR PAZ-ARTELA,**                                          **PETITIONER**
**A# 240-760-912**


**VERSUS**                                          **CIVIL NO. 5:26-cv-161-DCB-BWR**

**WARDEN, ADAMS COUNTY
CORRECTIONAL CENTER; et al.**                                          **RESPONDENTS**

<u>**ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

This matter is before the Court <u>sua sponte</u>. After consideration of the record in this case and relevant legal authority, the Court finds that this civil action should be dismissed.

## I.  Background

On March 10, 2026, <u>pro se</u> Petitioner Oscar Paz-Artela ("Petitioner") filed this Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 while detained at Adams County Correctional Center in Natchez, Mississippi. [ECF No. 1]. The Petition was not signed under oath as required by 28 U.S.C. § 2242. Since the Petitioner did not verify the Petition, it is insufficient to invoke federal habeas jurisdiction. <u>Weaver v. Texas</u>, 441 F.2d 388, 389 n.1 (5th Cir. 1971). [ECF No. 1] at 20. On April 2, 2026, Judge Rath issued an Order Requiring Petitioner to Respond. [ECF No. 3]. The Order instructed Petitioner to sign the Petition under oath and file the document with the court no later than April 16, 2026. <u>Id.</u> at 1.

Judge Rath instructed the Clerk of Court to mail a copy of the Petition to Petitioner at his listed address, the Adams County Correctional Center. Id. Petitioner did not respond.

On April 24, 2026, Judge Rath issued an Order to Show Cause [ECF No. 4] directing Petitioner to file a written statement showing cause why this case should not be dismissed for failure to obey the Court's Order to Respond [ECF. No. 3]. The Order warned that failure to comply may result in the dismissal of this case. [ECF No. 4] at 1. A copy of the Petition was mailed to Petitioner at his listed address, the Adams County Correctional Center. On May 11, 2026, the postal service returned the envelope containing the Order to Show Cause because the Petitioner was released. [ECF No. 5]. The Petitioner has not responded or otherwise contacted the Court.

On May 15, 2026, Judge Rath entered a Second Order to Show Cause, directing Petitioner again to file a written statement showing cause why this case should not be dismissed for failure to obey the Court's Order to Respond. [ECF No. 6]. Again, Judge Rath warned that failure to comply may result in the dismissal of this case. Id. A copy of the Petition was mailed to Petitioner at his listed address, the Adams County Correctional Center. On June 8, 2026, the postal service returned the envelope containing the Second Order to Show Cause because the Petitioner was released.

[ECF No. 7]. Responses were due by May 29, 2026 and Petitioner has not responded or otherwise contacted the Court.

On June 8, 2026, the Court investigated Petitioner's detention status. The Court searched the United States Immigration and Customs Enforcement ("ICE") detainee locator website but could not locate Petitioner. The Court then contacted the ICE Detention, Removals, and Information Line and spoke with an ICE representative who confirmed that Petitioner is no longer in ICE custody and was removed from the United States on March 28, 2026.

## II.  Discussion

A writ of habeas corpus is available only to a petitioner who is in custody. 28 U.S.C. § 2241(c). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" Id. The mootness doctrine requires that, to show a case or controversy under Article III of the Constitution, "through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." Bacilio-Sabastian v. Barr, 980 F.3d 480, 482 (5th Cir. 2020) (finding former

immigration detainee's petition moot) (quoting Lewis, 494 U.S. at 477-48).

Originally, the Court was prepared to dismiss this action without prejudice for failure to prosecute and failure to comply with Court orders. However, upon learning that Petitioner had been removed from the United States and is no longer in ICE custody, the Court now finds that the case is moot. Petitioner Oscar Paz-Artela's Petition no longer presents a live case or controversy for purposes of satisfying Article III.

## III.  Conclusion

For the reasons stated herein, pro se Petitioner Oscar Paz-Artela's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice on the ground that it is moot. Even if the Petition were not moot, dismissal for failure to prosecute and obey the Court's orders would be warranted; however, the Court notes that Petitioner's non-compliance is due to his removal rather than willful neglect.

A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 9th day of June, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE

4